## Lehigh Presbytery v. Merchants Bancorp Inc.

*Harry A. Dower,* for plaintiff.
*Donald L. Van Gilder, for defendant.*

MELLENBERG, *J.,* July 31, 1989 — After a trial without a jury in which the principal facts in the above matter were agreed to by the litigants, the court makes the following

### FINDINGS OF FACT

(1) At all pertinent times, MaryAnn Hunsberger was an employee of plaintiff whose duties included making bank deposits, reconciling bank statements, and the handling of cash and posting to the financial books of the plaintiff (a Pennsylvania non-profit corporation).

(2) Defendant is a national bank with banking facilities located at Seventh and Hamilton Streets, Allentown, Lehigh County, Pennsylvania, at which the plaintiff maintained a checking account.

(3) MaryAnn Hunsberger was authorized by plaintiff to endorse checks made payable to plaintiff "for deposit only," and to prepare deposit slips for the deposit of said funds of those checks into the account of plaintiff maintained with defendant.

(4) Commencing about January 6, 1978, and thereafter for a period of approximately six years, the said MaryAnn Hunsberger endorsed checks made payable to plaintiff as authorized "for deposit only" which, along with a deposit slip in the plaintiff's name, were deposited with defendant for credit to plaintiff's account.

(5) While depositing checks as aforseaid, Mary-Ann Hunsberger, for approximately the same six years, diverted 153 separate checks made payable to plaintiff in 126 different transactions to her own personal checking account.

(6) In diverting the funds as aforesaid, MaryAnn Hunsberger properly endorsed the checks as authorized, but presented those checks for deposit with a deposit slip which she prepared appropriately in the plaintiff's name but substituting her personal account number.

(7) By utilizing the aforesaid scheme, a total of $50,575.48 was diverted from plaintiff to the personal account and use of MaryAnn Hunsberger.

## CONCLUSIONS OF LAW

(1) The deposit slip diverting the funds from credit to the plaintiff's account to that of their employee, MaryAnn Hunsberger, is not an instrument within the meaning of section 3406 of the Uniform Commercial Code.

(2) The wrongful placement of Ms. Hunsberger's personal account number on the deposit slips is not

such an act as to represent a conversion within the meaning of section 3419(c) of the Uniform Commercial Code.

(3) The improperly completed deposit slip by plaintiff's employee is not an "item" contemplated by section 4406 of the Uniform Commercial Code and would not appear on the plaintiff's bank statement so as to give rise to a breach of duty by plaintiff.

(4) MaryAnn Hunsberger was an agent of the plaintiff at the time of diverting funds of the plaintiff to her personal account.

(5) An agent is included in the definition of "fiduciary" as provided in the Uniform Fiduciaries Act, 7 P.S. §6351.

## DISCUSSION

Plaintiff contends that defendant bank in failing to credit the plaintiff's account as endorsed on the checks presented "for deposit only" is liable for the conversion of the funds by its employee, MaryAnn Hunsberger.

Defendant, on the contrary, contends that it is not liable for the misappropriated funds by reason of the provisions of the Uniform Commercial Code, 13 Pa.C.S. §§3101-9507,[1] and/or the Uniform Fiduciaries Act (hereinafter referred to as UFA), 7 P.S. §§6351-6404.[2] Defendant in asserting the code as excusing liability refers specifically to sections 3406, 3419(a) and 4406, each of which we find inapplicable to the facts before the court and therefore without merit as a defense to liability:

(1) The deposit slip in the matter before the court

1. Act of November 1, 1979, P.L. 255, §1 et seq., effective January 1. 1989.
2. Act of May 31, 1923, P.L. 468, §1 et. seq.

is not an instrument materially altered or signed by an unauthorized party within the meaning of section 3406 of the code;

(2) The endorsements to the checks were neither unauthorized nor forgeries, and the placing of Ms. Hunsberger's personal account number on the deposit slips is not an act contemplated within the meaning of section 3419(c) of the code; and finally,

(3) The facts do not involve an unauthorized signature or alteration of an item, which is defined as a check and not a deposit slip in section 4406 of the code.

However, the provisions of the UFA, *supra,* do provide a bar to the plaintiff's recovery against defendant for conversion of the funds by plaintiff's employee-agent, MaryAnn Hunsberger. The term "fiduciary" as defined by the UFA, includes " . . . agent . . . . " Although the UFA does not define "agent," the term "agency" is defined at common law to be:

"The fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to act."

See *Smalich et al. v. Westfall,* 440 Pa. 409, 269 A.2d 476 (1970). See also *Garbish v. Malvern Fed. Sav. and Loan Assn.,* 358 Pa. Super. 282, 517 A.2d 547 (1986), app. den., 516 Pa. 641, 533 A.2d 712 (1987). The basic elements of agency are: manifestation by the principal that the agent shall act for him, the agent's acceptance or undertaking, and the understanding of the parties that the principal is to be in control of the undertaking. *Scott v. Purcell,* 490 Pa. 109, 415 A.2d 56 (1985). Given the evidence that Ms. Hunsberger's required duties while an employee of Presbytery included her endorsement and preparation of Presbytery checks

for deposit as well as her presenting such checks for deposit at the bank, all of which were to be performed while under the control of the Presbytery, her performance of such duties on behalf of Presbytery falls within the above definition of agency.

Having determined that Ms. Hunsberger was an agent of plaintiff, her acts fall squarely within section 6393 of the UFA. Under this section, defendant bank was not obligated to inquire whether Ms. Hunsberger was committing a breach of her fiduciary obligation unless bank received the deposit with actual knowledge that Hunsberger was breaching her duty or with knowledge of such facts that its action in receiving the deposit amounted to bad faith. The evidence does not indicate actual knowledge or bad faith on the part of the bank. Hence, defendant bank cannot be held liable to plaintiff for the amount of the deposits diverted by its agent/employee merely because it did not question the actions of that agent/employee.

## ORDER

Now, July 31, 1989, after trial without a jury, for the reasons outlined in the attached discussion, and upon consideration of the attached findings of fact and conclusions of law, it is ordered that judgment is entered in favor of defendant, Merchants Bancorp Inc., against plaintiff, Lehigh Presbytery.

If no exceptions are filed within 10 days after notice of this order shall have been given to counsel for the parties, the clerk of courts, Civil Division, shall, upon praecipe by either party, enter this as the final order of the court.